W. B. STEEL et al., Respondents, v. JAMES POLLARD et al., Appellants.

St. Louis Court of Appeals, April 28, 1903.

1. **Ditching Overflowed Lands:** METHOD OF CONSTRUCTION: CHANGE OF STATUTE AFTER COMMENCEMENT: DAMAGES WITHOUT INJURY: STATUTES, CONSTRUED. Under Laws 1897, page 146, section 43, drainage ditches must have been constructed in working sections, in order, up stream, and the labor in each completed two days before the completion of the one next above, so as to secure an outlet for the water as each section was constructed. Laws 1899, p. 278, approved May 11, 1899, with an emergency clause rendering it immediately operative, expressly repealed the previous statute, but by section 37 accorded the right to proceed with and complete drains under the provisions of the Act of 1897, where they had been begun thereunder. *Held,* that the mere fact that a petition for a drain had been addressed to the county court, and on May 2, 1899, viewers had been appointed and directed to report June 5th, did not constitute a commencement of operations under the Act of 1897, so as to require the drain to be constructed according to its provisions; and injury to crops from a different method of construction was *damnum absque injuria.*

Appeal from Scott Circuit Court.—*Hon. H. C. Riley, Judge.*

REVERSED.

*Marsh Arnold* for appellants.

(1) The court should have instructed the jury under what law the ditch was dug. This is elementary. It assumes that under the law of 1897 the ditch should have been commenced at the lower end "so as to avoid the accumulation of water," whereas the law of 1897 asserts no such reason therefor. (2) It is faulty because the ditch was dug under the law of 1899. Session acts 1899, sec. 1, p. 279; secs. 37, 38, p. 292. (3) The court erred in refusing defendants' instructions, because they assert the well known elementary doctrine that to the extent to which a person has the right to act others are bound to suffer, etc. Glencoe Co. v. Com. Co., 138 Mo. 445; Mining Co. v. Mining Co., 50 Mo. App. 534; Abbott v. Railroad, 83 Mo. 271; Moss v. Railroad, 85 Mo. 86. (4) Under the law and the evidence plaintiffs can not recover. The whole theory of plaintiff's case is that they are entitled to recover because the ditch should have been dug under the law of 1897, by commencing at the lower end thereof, and that not having been dug in that manner they are entitled to recover although defendants were guilty of no negligence. (5) The law of 1897 was repealed on the theory that the word "may" in section 37, of the act of 1899, should be construed as "must."

*Albert Dereign* for respondents.

(1) The defendants can not avoid their liability by pleading their contract with the county court. The county court had no authority under the drainage law of 1897, to make a contract authorizing the cutting of the ditch in the manner it was cut. Laws of 1897, p. 160, sec. 43. (2) County courts can only exercise such powers as are conferred by statute. State v. Slotbridge, 56 Mo. 126; Begoon v. Johnson Co., 100 Mo. 76. Persons dealing with county courts must take notice of the

power and authority conferred upon them. Sturgeon v. Hampton, 88 Mo. 203; State ex rel. v. Harris, 96 Mo. 29; Butler Co. v. Boatmen's Bank, 143 Mo. 13. (3) The evidence conclusively shows that they started with their dredgeboat at the head or source of the proposed drain, carrying the accumulating waters as they descended, when under the Act of 1897 they should have commenced at the foot and moved upstream, so as to avoid inundating cultivated lands.

REYBURN, J.—The plaintiff in this case alleged that the plaintiff, Bryeans, was the owner of certain valuable lands therein described, which, in June, 1901, were rented to his co-plaintiffs, Steele and Thomas, and a fine crop of corn was then growing thereon; that Steele and Thomas were owners of the crop subject to Bryeans' rent lien, a charge of $60 due Bryeans for the year 1901, and a mortgage to Bryeans, and the tenants were in actual possession and Bryeans in possession through them. That pursuant to the law of 1897, Ditching District No. 3, of Scott county, has been established, embracing plaintiff's lands and the head or source of which was located in wet lands north and west of plaintiff's lands and its route passed through plaintiff's land and continued to an outlet or foot south or southeast of plaintiff's property. That under the provisions of that law, the ditch should be dug by commencing at the foot thereof and each section should be commenced and completed from the foot before the section above should be constructed' or excavated. That the contract in question was let to defendants, who, instead of commencing at the lower end of the ditch, unlawfully and in violation of the law, commenced at its north end, head or source in large basins containing large quantities of water; that this act of defendants was willful and without authority of law and this ditch so excavated, about seven miles in length, concentrated

large quantities of water which inundated plaintiff's lands and destroyed the crop.

The answer is a denial, and sets up as a defense that the digging of the ditch was in strict compliance with the law; that it was dug skillfully, prudently and carefully, and that if any water overflowed plaintiff's land, no more overflowed than resulted necessarily and incidentally from performing a work which the county court found to be necessary and conducive to the public health, convenience and welfare, and of public utility and benefit.

The reply denied the allegations of the answer and averred that the county court had no power to make a contract for the construction of such ditch from its source to its foot, in violation of the law of 1897, under which the ditching district was organized.

Under the act for the reclamation of swamp land, approved March 25, 1897, especially section 43, the work of constructing drainage ditches was required to be performed in working sections in order upstream, and the labor in each to be completed at least two days before the day fixed for the completion of the working section next above, so as to secure an outlet for the water as each section was constructed. Acts 1897, p. 146. This act was in terms repealed by an act approved May 11, 1899, with an emergency clause rendering it operative from its passage. Acts 1899, p. 278. This latter legislation did not prescribe that drainage canals should be constructed from the foot, but by section 37 accorded the right and authority to proceed with and complete such improvements under the provisions of the Act of 1897, where they had been begun thereunder. A petition for the establishment of a drainage district under the provisions of the Act of 1897 had been addressed to the county court of Scott county, but no action was taken by the county court until May 2, 1899, when viewers were appointed and directed to make report at the adjourned term of the court, June 5th, ensuing, to which

time the proceeding was continued, and all other proceedings were had after the Act of 1899 had become operative; and thereafter further steps were taken under the drainage law, terminating in the letting of the contract for this drainage district, termed number three, to defendants.

From the foregoing review of the acts of the Legislature governing the subject, it is manifest that the court erred in its ruling that the defendants were compelled to construct the drainage canal or ditch in the method pointed by the Act of 1897, by commencing at the foot or lower end, and that by their failure to pursue such method, although they performed the work in proper scientific manner and on the plan most economic and at least cost to the taxpayers, that they were responsible to the plaintiffs for such injuries incident and inevitable. Section 37 of the Act of 1899 comprehended ditches and canals of drainage districts established under the repealed act, the construction of which had already been let and the work of which was then progressing which, it was thereby intended, might proceed uninterruptedly to completion without being affected by the provisions of the new act. At the time of the creation of the drainage district known as number three by the county court of Scott county, and the subsequent awarding of the contract to defendants, under which the work complained of was executed, the law of 1899 was in force and controlled, and the method and the course of execution adopted was lawful and proper. It follows that the injuries sustained by plaintiff's were *damnum absque injuria* for which the law imposed no legal responsibility upon defendants.

Judgment reversed. *Bland, P. J.,* and *Goode, J.,* concur.